IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MICHELLE HOBBS                                                             PLAINTIFF

vs.                                                  No. 2:04CV269-D-A

THE CITY OF HORN LAKE, MISSISSIPPI                             DEFENDANT

OPINION GRANTING POST-TRIAL MOTIONS IN PART

Presently before the court is the Defendant's renewed motion for judgment as a matter of law or, in the alternative, for new trial or remittitur. Upon due consideration, the court finds that the motion should be granted in part.

*A. Factual and Procedural Background*

On September 9, 2003, the Plaintiff Michelle Hobbs, a resident of the Defendant City of Horn Lake, was arrested for disturbing the peace when one of her neighbors filed an affidavit seeking her arrest after a September 3, 2003, altercation. Hobbs was released on bond that same day, with the case being set for a hearing in front of Municipal Judge James Holland in the Horn Lake Municipal Court on November 18, 2003. Hobbs appeared with counsel in court on November 18, 2003, for the hearing; after the hearing, the case was passed to the court's "inactive file" pending further order of the court and Hobbs was permitted to leave without paying any fine or court costs. Thereafter, Horn Lake court staff reviewed Hobbs' file and incorrectly determined that she had not appeared at the November 18, 2003, hearing. An arrest warrant was then issued on November 24, 2003, for Hobbs' "failure to appear" at the November 18, 2003, hearing. The Horn Lake Police Department executed the warrant on November 25, 2003; Hobbs was subsequently handcuffed, booked, transported to the DeSoto County Jail, searched, photographed, and placed into a holding cell with other prisoners. Later that same day, after Hobbs had been detained for several hours,

Judge Holland signed an order of release for Hobbs, and she was released from custody.

Hobbs filed her complaint with the court on September 21, 2004, asserting claims for false arrest and false imprisonment pursuant to 42 U.S.C. § 1983 and state law. The Plaintiff's claims were subsequently tried to a jury; after a three day trial, the jury returned a verdict in favor of the Plaintiff in the amount of $75,000 in compensatory damages.

In its present motion, the Defendant argues that the jury's verdict should be set aside or that a new trial be granted or that the awarded damages be remitted.

### B. Standards for the Parties' Pending Motions

Rule 50 of the Federal Rules of Civil Procedure sets forth the standard for granting judgment as a matter of law:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue. . . . In ruling on a renewed motion, the court may . . . allow the judgment to stand, order a new trial, or direct entry of judgment as a matter of law.

Fed. R. Civ. P. 50.

In applying this standard, the court must consider all of the evidence in the light most favorable to the nonmovant, drawing all reasonable factual inferences in that party's favor, and leave credibility determinations and the weighing of evidence to the jury. McCrary v. El Paso Energy Holdings, Inc., 209 F. Supp. 2d 649, 651 (N.D. Miss. 2002) (citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-50, 120 S.Ct. 2097, 2110, 147 L. Ed. 2d 105 (2000)). The court should grant a motion for judgment as a matter of law only when "the facts and inferences point so strongly and overwhelmingly in favor of [the moving] party that the court believes that reasonable

[jurors] could not arrive at a contrary verdict." Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969).

As for the Defendant's motion for a new trial, Rule 59 of the Federal Rules of Civil Procedure permits a trial court to grant a new trial based on that court's appraisal of the fairness of the trial and the reliability of the jury's verdict. The rule does not specify what grounds are necessary to support such a decision, but states only that the action may be taken "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a); Smith v. Transworld Drilling Co., 773 F.2d 610, 613 (5th Cir. 1985). A new trial may be granted, for example, if the district court finds that the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in the course of the trial. The judgment will stand when the evidence presented at trial could reasonably support the jury's verdict. See, e.g., Eyre v. McDonough Power Equip., Inc., 755 F.2d 416, 420-21 (5th Cir. 1985); Westbrook v. General Tire and Rubber Co., 754 F.2d 1233, 1241 (5th Cir. 1985). A motion for a new trial based on evidentiary grounds should not be granted unless, at a minimum, the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence. Carter v. Fenner, 136 F.3d 1000, 1010 (5th Cir. 1998).

As for the Defendant's motion for remittitur, there is a strong presumption in favor of affirming a jury award of damages, and a damage award may be overturned only upon a clear showing of excessiveness or upon a showing that the jury was influenced by passion or prejudice. Westbrook, 754 F.2d at 1241. A verdict is excessive only if it is "contrary to right reason" or "entirely disproportionate to the injury sustained." Caldarera v. Eastern Airlines, Inc., 705 F.2d 778, 784 (5th Cir. 1983).

## C. Discussion

### 1. Motion for Judgment as a Matter of Law

The Defendant City first argues that it is entitled to judgment as a matter of law because there is no legally sufficient evidentiary basis for the jury's verdict, and that a reasonable jury could not find that a City policy or custom was the moving force behind Hobbs' arrest and detainment.

Local government bodies, such as the Defendant, may be liable under 42 U.S.C. § 1983 for constitutional violations that were committed pursuant to a governmental policy or custom even though the policy or custom has never received formal approval through the local government body's official decision-making channels. Monell v. Department of Social Services, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2035, 56 L. Ed. 2d 611 (1978); see Grabowski v. Jackson County Pub. Defenders Office, 79 F.3d 478, 479 (5th Cir. 1996) (*en banc*) (holding that municipalities may be held liable for acts which violate citizens' constitutional rights if alleged harmful actions result from policy, custom, or practice that evinced objective deliberate indifference to citizens' constitutional rights). This "policy or custom" may also be created by those whose "edicts or acts" may fairly be said to represent official policy. Monell, 436 U.S. at 694. But, only those municipal officials who have "final policymaking authority" may subject the government to Section 1983 liability by their edicts or acts. Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298-99, 89 L. Ed. 2d 452 (1986); City of St. Louis v. Praprotnik, 485 U.S. 112, 123, 108 S.Ct. 915, 924, 99 L. Ed. 2d 107 (1988). Deliberate indifference has been defined by the Supreme Court as "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L. Ed. 2d 626 (1997).

Upon review, the court finds that the Defendant's motion for judgment as a matter of law should be denied. The court finds that it was reasonable for the jury to conclude that the moving force behind Hobbs' constitutional rights being violated was the inadequate nature of the City's policy or procedure for verifying the propriety of issuing arrest warrants for failure to appear or contempt of court violations, and that the policy evinced objective deliberate indifference to citizens' constitutional rights.

First, the parties argue over whether Cindy Capps, the City's Municipal Court Clerk, or Diane Stewart, the City Clerk, is the relevant final policymaker. The court finds that this distinction is largely irrelevant, as the trial testimony indicated that the City utilized a "one-man" check system as its policy to review files before switching to a "two-man" system at some point in time. While the testimony was conflicting and at least one witness was repeatedly impeached over this issue, considering the evidence in the light most favorable to the nonmovant Plaintiff, the court finds that a reasonable jury could have determined that the relevant policy in use by the City in regard to arrest warrants was the "one-man" check system, a system that led to three individuals, including the Plaintiff, being unlawfully arrested and detained within a nine-month period, with two of the arrest warrants being issued in a six day period.

The evidence presented at trial regarding the one-man check policy was sufficient to permit a reasonable fact-finder to determine that the Plaintiff's injuries resulted from the policy's utilization, and that in light of a series of such events, the City demonstrated deliberate indifference to the rights of citizens in maintaining the policy. The City Municipal Court Clerk testified that under the one-man check system, one court employee simply looked in each file to determine if an order disposing of or continuing a case was filed. When no such order was seen, that Clerk herself could sign a *scire*

*facias* revoking an individual's bond and causing an arrest warrant for the individual to be issued. No oversight from a second employee was required and no further investigation was performed. The Municipal Court Clerk even admitted during her trial testimony that she had suggested to her superiors that the City should consider abandoning the one-man check system to prevent human error, and that a two-man system was in fact later implemented by the City; this system requires that two court employees initial any arrest warrants prior to the warrants being issued. The Municipal Court Clerk also testified that, after the first unlawful arrest occurred, she and the City Clerk, along with the Mayor, had an immediate meeting to discuss the City's one-man check policy; while the policy was left intact at that time, the jury could have reasonably found, based on this testimony, that the City was on notice as to the policy's deficiencies and demonstrated deliberate indifference by waiting until several more unlawful arrests occurred before changing the policy.

Next, the Defendant argues that the Plaintiff has failed to show that the moving force behind her unlawful arrest and detention was the City's one-man check policy. Based on the above-denoted trial testimony, the court finds that the jury could have reasonably found that it was the shortcomings in the one-man policy itself, with its lack of procedural safeguards, that caused the Plaintiff's constitutional violation.

For all of the above-denoted reasons, the court finds that there was a legally sufficient evidentiary basis for a reasonable jury to find for the Plaintiff. The facts and inferences do not point "so strongly and overwhelmingly in favor of [the Defendant] that the court believes that reasonable [jurors] could not arrive at a contrary verdict." Boeing Co., 411 F.2d at 374. Thus, the Defendant's motion for judgment as a matter of law shall be denied.

2. Motion for New Trial

The Defendant argues that it is entitled to a new trial because, *inter alia*, the jury's verdict is against the greater weight of the evidence. For the following reasons, the court finds that the Defendant's motion should be denied.

First, the Defendant argues that the court's admission of evidence of two unlawful arrests by the City subsequent to the Plaintiff's arrest (although the arrest warrant in one of those cases was issued prior to the date the Plaintiff's arrest warrant was issued) and of one unlawful arrest prior to the Plaintiff's arrest, was prejudicial and warrants a new trial. The court finds that the Defendant's arguments are without merit because those incidents were admitted for the purpose of allowing the jury to determine whether the Defendant had been deliberately indifferent to the rights of its citizens, and an appropriate limiting instruction was issued to the jury concerning this evidence. All of the incidents were factually similar and occurred during the same period of time as did the Plaintiff's arrest; moreover, while some conflicting testimony was heard on this issue, a reasonable jury could find that all of these incidents occurred during the period of time that the City was utilizing its now defunct one-man check policy with regard to the issuance of arrest warrants. Thus, the court finds that the admission of this evidence was not in error, and was not sufficiently prejudicial to warrant granting the Defendant's motion for a new trial.

3. Motion for Remittitur

Finally, the Defendant argues that the jury's verdict of $75,000 in damages is wholly unsupported by the evidence presented by the Plaintiff at trial, and thus must be reversed or remitted. For the following reasons, the court agrees with the Defendant and finds that the Plaintiff's damages award should be remitted to $25,000.

7

It has been repeatedly emphasized that "hurt feelings, anger and frustration are part of life," and are not the types of harm that can support a mental anguish award. Patterson v. P.H.P. Healthcare Corp., 90 F.3d 927, 940 (5th Cir. 1996). Instead, there must be "a specific discernable injury to the claimant's emotional state" proven with evidence regarding the "nature and extent of the harm." Vadie v. Mississippi State Univ., 218 F.3d 365, 376 (5th Cir. 2000). In this regard, a plaintiff is not absolutely required to offer corroborating testimony or medical evidence in support of her emotional injuries; however, while a plaintiff's own testimony can be sufficient to support an emotional damages award, such a demonstration may be worthy of only a modest damages award. Vadie, 218 F.3d at 376-77 (remitting emotional distress damages award from $300,000 to $10,000); Hitt v. Connell, 301 F.3d 240, 250 (5th Cir. 2002). Neither conclusory statements that the plaintiff suffered emotional distress nor the fact that a constitutional violation occurred will necessarily support an award of compensatory damages. Hitt, 301 F.3d at 250.

As to her emotional state after her unlawful arrest, the Plaintiff testified that she was "devastated," "crying," and "trembling" and had trouble eating and sleeping. See Trial Transcript at 113, 116-7. Though the Plaintiff did not seek medical help or receive medical attention for emotional problems, the Plaintiff's fiancé (Billy Sellers) testified that the Plaintiff suffered from loss of appetite and sleeplessness for a couple of weeks after the arrest. See Trial Transcript at 167-70.

The foregoing represents the complete record of the Plaintiff's proffer in support of emotional damages. While the court finds that this testimony is sufficient to support an emotional distress award, the testimony is very little more than conclusory assertions for which only modest damages would be appropriate. Vadie, 218 F.3d at 376-77. Thus, the court finds that the award of $75,000 is inconsistent with and not reasonably related to the proof presented at trial. Rather, the

8

court finds that the testimony as to the Plaintiff's emotional injury only supports a damage award of $25,000. The court shall order a remittitur reducing the damage award against the Defendant to $25,000; the Plaintiff will have thirty days to accept the remittitur or demand a new trial on the issue of damages.

A separate order in accordance with this opinion shall issue this day.

This the 16th day of May 2006.

/s/ Glen H. Davidson
Chief Judge